UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **EVERETT LEON STOUT**<br>    **FED. REG. # 23867-001** | **CIVIL ACTION NO. 2:11-cv-621** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **JOSEPH PETER YOUNG, ET AL** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Everett Leon Stout, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  Doc. 1.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), and he was incarcerated at the Federal Correctional Institute, Oakdale, Louisiana (FCI-O).  He names FCI-O Warden Joseph Young, Rapides 2 Unit Manager Chrystal Zerr, and Johnny Antoine as his defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### *Background*

Petitioner filed this petition on April 18, 2010.  Doc. 1.  Petitioner contends that defendants Chrystal Zerr and Johnny Antoine have unlawfully taken money out of his commissary account.  Doc. 1, att. 2, p. 1.  Petitioner claims that the money was put into his account by his family and friends and that he did not authorize the removal of the funds by defendants.  Doc. 1, p. 5.  Rather, he states that only money deposited into his account for performance pay can be withheld to make court ordered payments pursuant to the Inmate

Financial Responsibility Program (IRFP). Doc. 1, att. 2, p. 11. Petitioner complains that his position in this regard has caused him to be placed on "refusal" status in regard to his participation in IRPF. Doc. 1, att. 2, p. 1. However, he claims that the assessments and restitution ordered by the sentencing court have been paid in full, thus making the taking of his money theft. Doc. 1, p. 5.

On January 3, 2011, petitioner filed a request to staff member wherein he requested a refund of the money (approximately $900.00) taken from his commissary accounts for the purpose of the IRFP. Doc. 1, att. 2, p. 10. The January 27, 2011, response to petitioner's request in this regard states that, as of January 27, 2011, his IRFP payment was $25.00 per quarter. *Id*. The response noted that if petitioner chose to stop making payments, he would be placed in "refuse" status. *Id*. On February 7, 2011, petitioner filed another request to staff member stating the he was not refusing to participate in the IRFP but was only authorizing the withholding of performance pay from his account. Doc. 1, att. 2, p. 11. The February 22, 2011, response noted that the unit team is to consider all monies deposited into an inmate's account for purposes of establishing a payment plan, including payments made from institutional resources or non-institution (community) resources. *Id*. It was again noted that if petitioner chose to stop making payments, he would be placed in "refuse" status. *Id.*

As relief, petitioner seeks removal of the refusal status and restoration to the non-refusal status, and replacement of all of the money unlawfully taken by defendants. Doc. 1, att. 2, p. 3. In the alternative, petitioner asks that the defendants' credentials be forfeited and that they no longer hold public office. *Id*.

*Law and Analysis*

At the onset, this court is called upon to determine whether to treat the above claims as a petition for *habeas corpus* as petitioner advances, or as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] In general, a civil rights suit "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: If "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," the proper vehicle is a civil rights suit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam), *cert. denied*, 516 U.S. 1059 (1996),

Based upon a review of the pleadings herein, it is clear that petitioner has asserted a civil rights claim. Specifically, his civil rights claims do not implicate the overall length of his confinement but rather the rules, customs, and procedures affecting his confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). Here, petitioner's claims implicate issues regarding his confinement rather than the fact or duration of his confinement. Petitioner is not challenging his conviction or asserting he should not be in custody. Thus, petitioner has failed to state a claim for which relief can be granted and this matter should be dismissed.[2]

---

[1] *Bivens* authorizes civil rights suits filed against federal agents or employees for a violation of a constitutional right. *Broadway v. Beck*, 694 F.2d 979, 981 (5th Cir.1982) (actions of federal officials taken under color of federal law cannot form the basis of a suit under section 1983).

[2] Petitioner may attempt to file a civil rights complaint, paying the filing fee or seeking leave to proceed *in*

Accordingly, **IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* that constitutes civil rights claims as described herein be **DENIED AND DISMISSED WITH OUT PREJUDICE** to his ability to pursue such claims by filing the appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 2nd day of August, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

*forma pauperis*.